Alhassan BAH, Petitioner,

v.

DEPARTMENT OF HOMELAND
SECURITY, Respondent.

No. 07–0788–ag.

United States Court of Appeals,
Second Circuit.

Sept. 13, 2007.

Theodore Vialet, New York, NY, for Petitioner.

Peter D. Keisler, Asst. U.S. Atty. General, Civil Division, Linda S. Wendtland, Asst. Director, Justin Constantine, Atty., Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Alhassan Bah, a native and citizen of Sierra Leone, seeks review of a February 5, 2007 order of the BIA affirming the June 20, 2005 decision of Immigration Judge ("IJ") George T. Chew denying Bah's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bah*, No. A 95 474 246 (B.I.A. Feb. 5, 2007), *aff'g* No. A 95 474 246 (Immig. Ct. N.Y. City June 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 304–05 (2d

Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

■ Substantial evidence supports the agency's determination that country conditions in Sierra Leone have fundamentally changed such that Bah no longer has a well-founded fear of persecution, even assuming his credibility. *See* 8 C.F.R. § 1208.13(b)(1)(i). The agency appropriately observed that the 2004 Department of State country report indicated that the civil war in Sierra Leone had ended and that the Sierra Leone People's Party (the "SLPP"), of which Bah is a member, had gained control of the country. Bah did not contest that finding and admitted that the situation has improved. As a whole, the record does not compel us to conclude, contrary to the agency, that Bah has an objectively reasonable, well-founded fear of persecution upon return. *See Zhou Yun Zhang*, 386 F.3d at 73 & n. 7; *Jalloh v. Gonzales*, 498 F.3d 148, 151 n. 2 (2d Cir.2007) (finding that substantial evidence supported the BIA's finding that country conditions in Sierra Leone had changed because the civil war ended and the SLPP gained control).

■ Because Bah was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or relief under the CAT[1] where all three claims were

---

1. The government's argument that this Court does not have jurisdiction to address Bah's CAT claim is unavailing. Because the BIA addressed Bah's CAT claim, that claim is considered exhausted and may be reviewed by this Court despite any failure by Bah to chal-

based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

lenge the IJ's denial before the BIA. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006).